PEOPLE'S BANK OF BUFFALO et al. v. BROWN et al.

(Circuit Court of Appeals, Third Circuit.   January 17, 1902.)

. No. 40.

1. BANKRUPTCY—EXAMINATION OF THIRD PARTY—RELEVANCY—QUESTION FOR COURT.

Where, in proceedings under the bankruptcy act, a third person is examined as a witness concerning certain property, with a view of ascertaining what, if any, interest the bankrupt has therein, such witness has not the right, after testifying that the bankrupt has no interest therein, to refuse to answer any further questions relating to such property on the ground that the inquiry is irrelevant and immaterial; the question of relevancy and materiality being one for the court.

2. SAME—ATTORNEY AND CLIENT—PRIVILEGED COMMUNICATIONS.

Where, in proceedings under the bankruptcy act, a third person, who is an attorney, is examined as a witness for the purpose of ascertaining what, if any, interest the bankrupt has in certain property, the question whether certain communications are privileged, as between the witness and his clients, must be determined by the court, and not by the witness.

3. SAME—RELEVANCY AND MATERIALITY—RULE FOR EXAMINATION.

In the examination of a third person under the bankruptcy act, to ascertain what, if any, interest the bankrupt has in certain property, on objection or refusal to answer on the ground of irrelevancy, if the question asked appears to be relevant, it should not be excluded, or the witness be excused from replying to it, because of his assertion that his answer, if made, would disclose the personal affairs of himself or of others, not material to the subject of the inquiry.

4. SAME—PRIVILEGED COMMUNICATION—RULE FOR EXAMINATION.

Where an attorney, being examined as a third person under the bankruptcy act, declines to testify on the ground that the matter sought to be discovered came to his knowledge in professional confidence, he is, by way of preliminary investigation, to be subjected to such interrogation as may be necessary to enable the court to determine for itself whether the communication referred to be, under the circumstances, a privileged one, and thereupon to make such order as may be proper.

Appeal from the District Court of the United States for the District of New Jersey.

Norris Morey, for appellants.
N. T. M. Melliss, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge.   This was a proceeding under the provisions of the bankruptcy act for the examination of third persons as witnesses and the production by them of books and papers, in which J. Evarts Tracy (appellee) was summoned to testify and to produce documents concerning certain real estate at Bay Ridge, Long Island, with a view to the ascertainment of "the interest of said Andrew

Brown [the bankrupt] in said property in any way, directly or indirectly, by a secret trust or otherwise." It is true that when the appellee was interrogated respecting this real estate it had not been shown that the bankrupt had any interest in it; but his relationship to the parties, to several transactions concerning it, the history of those transactions, and the communications which ensued between the bankrupt and the witness when the latter was served with a subpœna, did appear, and disclosed a state of facts which justified the investigation. Its object was to determine whether the bankrupt did not have an interest in the property which should be applied to the payment of his debts, and the discovery sought would have been superfluous if, as a condition precedent to its requirement, it had been necessary to independently establish the existence of such interest. Although it is the duty of the court to confine such examinations within the limits to which the purposes for which they are authorized restrict them, yet, where there are circumstances warranting the investigation, no obstruction of it should be permitted which is not justified by law. In re Horgan, 39 C. C. A. 118, 98 Fed. 414. In this instance the witness claims that his refusals to answer were justified—First, because the matters to which the examination was directed were "immaterial and irrelevant to the subject-matter of inquiry in this proceeding"; and, second, "that the same were confidential communications between himself and his clients, which he was forbidden by law to disclose."

That the first of these claims is inadmissible we have no doubt. The relevancy of any particular matter to the subject under judicial investigation is always for determination by the court, and no witness is entitled to decide for himself that the facts which he is asked to disclose would not tend to prove the existence or nonexistence of the ultimate fact to which it is intended to relate them. Yet this is precisely what this witness has undertaken to do. During his examination, and after he had answered some questions and had refused to answer others, he said "that the land at Bay Ridge, Kings county, New York, referred to in my testimony and concerning which I have been questioned, is held by me by an absolute title in fee simple; that I do not hold any part of or interest in it for the benefit of said Andrew Brown, or of any one representing him; that I have never sold or conveyed any part of the land at Bay Ridge originally acquired by me, or any land at Bay Ridge now held by me, at the request of said Andrew Brown; that I have never accounted or been accountable, and am not now accountable, directly or indirectly, to him, or to any one representing him, for any proceeds of any of such land sold, or which may be sold; and that said Andrew Brown has no interest, legal or equitable, in any such land, or in any proceeds of sale of the same or any part thereof; and I respectfully submit that I am not subject to other or further examination in respect of any such matters, for that the same are wholly immaterial and irrelevant to the subject-matters of inquiry in this proceeding." It is not necessary to question, and we imply no doubt of, the good faith of the witness in making this statement; but it cannot be accepted as relieving him from "other or further examination." It is,

in substance, but an expression of his understanding that the facts which he declines to reveal would, if revealed, appear to be immaterial, and to this opinion of his, though not even evidential, he asks that there shall be conceded determinative force. Whether the title which he holds is an absolute title, in which Andrew Brown has no interest, it is the function of the court to decide, and that it may do so intelligently it is requisite that it should be fully informed of all the connected facts and attendant circumstances. If upon their disclosure it shall transpire that the appellee is the absolute owner of the property in question, the investigation will do him no harm; but if, on the other hand, they shall exhibit an interest, legal or equitable, in the bankrupt, the enforcement of any right which may in consequence accrue to his creditors will be but a debt of justice, the discharge of which can work no legal injury to any one.

This court has neither authority nor inclination to repudiate the rule which protects from exposure, unless with the client's consent, all communications between him and his counsel, made during the subsistence of that relation, in reference to any matter respecting which the latter has been, and properly could be, professionally consulted. This rule was applied, apparently for the first time, in the case of Berd v. Lovelace, Cary, 88, and for three centuries, at least, it has been steadily upheld by the courts upon the ground that for the proper administration of the law the confidence which it encourages the client to repose in the attorney to whom he resorts for legal advice and assistance should upon all occasions be inviolable. But it has been forcibly and vehemently assailed (Benth. Jud. Ev. bk. 9, pt. 4, c. 5), and the suppression of evidence which it effects can be justified only when the limitations which restrict the scope of its operation are assiduously heeded. Therefore it is requisite that in every instance it shall be judicially determined whether the particular communication in question be really privileged, and, in order that such primary determination may be advisedly made, it is indispensable that the court shall be apprised, through preliminary inquiry, of the characterizing circumstances. There is no presumption of privilege, and though its allowance may, in a clear case, be founded upon the voluntary statement of the attorney that his knowledge of the fact to which he is asked to testify was acquired in professional confidence, yet, wherever, as in this case, the circumstances suggest that the sufficiency of the grounds of that statement should be considered, it is the right of the opposing party to demand that the proponent of the privilege shall be submitted to such interrogation as may be necessary to test its validity. Hughes v. Boone, 102 N. C. 160, 9 S. E. 286. In the present case the witness said:

"Andrew Brown, the bankrupt in this proceeding, is not, and never has been, a client of mine, * * * and I respectfully decline to answer further questions relating to such matters, * * * upon the ground that the same were confidential communications between myself and my clients, which I am forbidden by law to disclose."

If the views we have expressed be correct, it is manifest that the position thus assumed is untenable. The witness declines to answer, not after inquiry and adjudication by the court, but upon his own

mere declaration that the matters to which his declination relates were privileged communications, and thus both of the facts and the law he constitutes himself the exclusive judge. The province of the court cannot be thus usurped. If it could be, it is obvious that the rule under consideration, which is designed to promote the administration of justice, might readily be misused for its obstruction, and become, in consequence, too pernicious to be tolerated.

In discussing the broad questions involved, we have perhaps sufficiently indicated the method of procedure which should be pursued in such cases, but with reference to the situation disclosed by this record it may be desirable that we should say a few additional words directly upon that subject. It appears that the appellee refused to answer in about 60 separate instances, and it is probable that, if the attempted examination had not been suspended, he would have been further interrogated, and with the same result. Under these circumstances, and in view of the fact that the court below has not done so, it is not practicable for us to decide particularly and in detail what questions the witness should be required to answer, or to do more than indicate in general terms the course which, in our opinion, should be adopted to enable that court to pass upon every point that has arisen or may arise; and, to this end, we state that our present decision is that, (1) upon objection or refusal to answer upon the ground of irrelevancy, if the question asked appear to be relevant, it should not be excluded, or the witness be excused from replying to it, because of his assertion that his answer, if made, would disclose the personal affairs of himself or of others, not material to the subject of inquiry; and, (2) on declination of the witness to testify upon the ground that the matter or matters sought to be discovered came to his knowledge in professional confidence, he is, by way of preliminary investigation, to be subjected to such interrogation as may be necessary to enable the court to determine for itself whether the communication referred to be, under the circumstances, a privileged one, and thereupon to make such order as may be proper.

The order of the district court, filed April 2, 1901, dismissing the petition of the People's Bank and others, upon the ground "that the said J. Evarts Tracy. should not be compelled to answer the questions propounded to him by the counsel for the petitioners, or any of them," is reversed, and the cause will be remanded to that court for further proceedings, to be there taken in conformity with this opinion and determination.