## BUJAC v. WILSON.

### SYLLABUS BY THE COURT.

1. The question as to whether a communication between counsel and a client is privileged is a judicial question, which cannot be determined by counsel himself, but the same must be submitted to the court for determination.          P. 114

### ON MOTION FOR REHEARING.

2.  On a determination by the court as to whether a given communication between attorney and client is privileged, documents or letters involved need not be produced before the court for inspection until it has been judicially determined that they are not privileged.                         P. 115

3.  That during the time a witness was acting as attorney for his client he wrote certain letters alleged to be privileged does not, standing alone, establish their privileged character, but the circumstances under which they were written and the reasons for writing them should be shown.          P. 115

Error to District Court, Bernalillo County; Hickey, Judge.

Proceedings in the matter of the estate of Aline Mathilde Julia Bouvard Cardoner, deceased, between Etienne de P. Bujac against Joseph R. Wilson, executor.  Judgment for the executor, and Etienne de P. Bujac brings error.  Modified and affirmed.

Marron & Wood, of Albuquerque, for plaintiff in error.

Alonzo B. McMillen, of Albuquerque, for defendant in error.

### OPINION OF THE COURT.

PARKER, J.  There was a proceeding in the probate court of Bernalillo county involving the estate of Aline Mathilde Julia Bouvard Cardoner, deceased. During the progress of the hearing charges and counter charges were made between plaintiff in error and Joseph R. Wilson, executor of the estate of Mrs. Cardoner.  Mr. Wilson was an attorney at law, as was also plaintiff in error.  Prior to the proceeding in question plaintiff in error had been employed by Mme. Pauchet, the daughter of Mrs. Cardoner, to represent her, and the disparaging letters on both sides were written to Mme. Pauchet. With the view of probing the whole matter the district judge before whom the case was then pending upon appeal from the probate court made an order upon Mr. Wilson and plaintiff in error to produce

the correspondence in question, so that the matter might be fully investigated in the court, and such action as was deemed proper might be taken by him by disciplining counsel if they had been guilty of professional misconduct. At first plaintiff in error indicated entire willingness to submit to the court copies of all of his correspondence upon the subject, but he afterwards protested against doing so upon the ground that the communications were privileged. In taking this position plaintiff in error did not disclose to the court the substance and effect of the correspondence so that the court might itself determine whether the same was privileged or not. On the other hand, he undertook to decide for himself that the correspondence was privileged, and that therefore he was at liberty to decline to produce the same. The court made an order upon plaintiff in error, requiring him to produce this correspondence, and from this judgment this writ of error has been sued out.

[1] There is a fundamental error in the position taken by plaintiff in error in this case. It is not for counsel to decide whether a communication with his client is privileged, but it is a matter for judicial determination after the communications have been produced and submitted to the court.

Thus it is said in 1 Thornton on Attorneys at Law, § 96:

"Whether a communication by a client to his attorney was made in confidence is a question of fact to be disposed of by the court. It is requisite, in every instance, that it shall be judicially determined whether the particular communication in question is really privileged; and, in order that such determination may be advisedly made, it is indispensable that the court shall be apprised, through preliminary inquiry, of the characterizing circumstances. The general rule is that there is no presumption of privilege, although its allowance in a clear case may be founded upon the voluntary statement of the attorney that his knowledge of the fact, concerning which he is requested to testify, was acquired in professional confidence. But the witness is not entitled to decide the question for himself. This province of the court cannot be

thus usurped. If it could be it is obvious that the rule under consideration, which is designed to promote the administration of justice, might readily be used for its obstruction and become in consequence too pernicious to be tolerated. The privileged character of the communication must appear."

See, also, Jeanes v. Fridenberg, 3 Clark 199, 5 Pa. Law, J. 65; Mitchell's Case, 12 Abb. Prac. (N. Y.) 249; People's Bank of Buffalo et al. v. Brown et al., 112 Fed. 654, 50 C. C. A. 411.

Counsel for plaintiff in error cites sections 97, 99, and 115 of Thornton on Attorneys, but the propositions there set out are not relevant to the question before the court.

It follows from the foregoing that the judgment of the district court was correct, and should be affirmed; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.

### ON MOTION FOR REHEARING.

PARKER, J. [2] A motion for rehearing has been filed. In the opinion we said that an attorney might not decide for himself whether a given communication with his client was privileged, but that it is a matter for judicial determination "after the communication has been produced and submitted to the court." This is too broad a statement. The proper statement of the proposition is that it is a judicial question as to whether a given communication is privileged, to be determined by the court after an examination into the attending and characterizing circumstances under which the communication was made. The documents or letters themselves need not be produced before the court for inspection until it has been judicially determined that they are not privileged. In re Niday, 15 Idaho 559, 98 Pac. 845.

[3] In this case the plaintiff in error merely shows, by his answer to the motion to require him to produce the letters, that the communications were sent by him to his client "while he was retained and

acting as her attorney and representing her interests, and the same were and are privileged communications." The fact that during the time he was acting as attorney for his client he wrote the letters does not, standing alone, establish their privileged character. The circumstances under which they were written and the reasons for writing them should be shown.

Our former opinion, modified as herein stated, will be adhered to; and it is so ordered.

ROBERTS, C. J., and RAYNOLDS, J., concur.