Forrest A. WONNEMAN, Plaintiff,

v.

STRATFORD SECURITIES CO., Inc., Samuel P. Lewis, Joseph Schwartz, Pauline Edith Lewis, Sidney B. Josephson, R. Snow, General Oil & Industries, Inc., Charles E. Graham, Jr., Moses Siegel, Sam Hoffman and James A. Carney, d/b/a Corporate Registrar and Transfer Company, Defendants.

United States District Court
S. D. New York.
April 8, 1959.

Arthur, Dry & Dole, New York City, for plaintiff, Walter Barthold, New York City, of counsel.

I. Saul Fleischman, New York City, for defendant Sidney B. Josephson.

SUGARMAN, District Judge.

In an action under the Securities Act of 1933, 15 U.S.C.A. § 77a et seq., the plaintiff propounded interrogatories to one of the defendants, Sidney B. Josephson, an attorney.

The said defendant refused complete answers to interrogatories 9, 10, 11, 12, 15, 16, 26 and 27 on the ground that "details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics."[1]

1. The said interrogatories and the answers thereto are:

| Interrogatory | Answer |
| --- | --- |
| "9. State whether you have ever participated in any way (personally, by agent, or otherwise) in or have given any instructions with respect to any reorganization into its present capital structure or any prior reorganization or recapitalization of defendant General Oil or any predecessor corporation, and, if you have, set forth the full details of your participation in or your instructions with respect to each such reorganization or recapitalization and the name and last-known residence and business address of each person who in any way participated with you in each such reorganization or recapitalization or to whom you gave any instructions with respect thereto." | "I have never participated in any way personally by agent or otherwise or given any instructions with respect to any reorganization into its present capital structure or any prior reorganization or recapitalization of defendant General Oil or any predecessor corporation except as an attorney in which respect details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics." |
| "10. State whether you have ever participated in any way (personally, by agent, or otherwise) in or have ever given any instructions with respect to any changes of name made by defendant GENERAL OIL or any predecessor corporation, and, if you have, set forth the full details of your participation in or your instructions with respect to each such change of name and the name and last-known residence and business address of each person who in any way participated with you in each such change of name or to whom you gave any instructions with respect thereto." | "I have never participated in any way, personally, by agent or otherwise in or have given any instructions with respect to any changes of name made by defendant General Oil or any predecessor corporation except as an attorney in which respect details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics." |
| "11. State whether you have ever participated in any way (personally, by agent, or otherwise) in or have ever given any instructions with respect to the selection of any person to serve as a director or officer of defendant Gen- | "I have never participated in any way, personally, by agent or otherwise, in or have ever given any instructions with respect to the selection of any person to serve as a director or officer of defendant General Oil except as an attor- |

Thereupon the plaintiff moved "for an order pursuant to Rule 37(a) of the Federal Rules of Civil Procedure [28 U.S. C.A.] compelling defendant" to answer the said interrogatories and two others hereinafter considered.

Interrogatory

eral Oil, and, if you have, set forth the full details of your participation in or your instructions with respect to each such selection and the name and last-known residence and business address of each person who in any way participated with you in each such selection or to whom you gave any instructions with respect thereto."

"12. State whether you have ever participated in any way (personally, by agent, or otherwise) in or have ever given any instructions with respect to the conduct or management of the business operations of defendant General Oil, including but not limited to (a.) the acquisition or disposition of any real or personal property, including leaseholds, gas, oil or mineral rights or options thereon, (b.) the keeping of books or records of any kind, (c.) the hiring or discharge of any employees or other agents, (d.) the filing of reports with or the answering of inquiries from governmental agencies, (e.) the sending of form letters or other communications to stockholders, (f.) the retaining of legal counsel to advise in the operations of the business, (g.) the authorization, issuance, sale or purchase of securities such as stock, bonds, debentures, rights or warrants, or (h.) advertising, publicity or public relations. If you have, set forth the full details of each instance of your participation in or your instructions with respect to the management or conduct of such operations and the name and last-known residence and business address of each person who participated in any way with you in the conduct or management of such operations or to whom you gave any instructions with respect thereto."

"15. State whether you participated in any way (personally, by agent, or otherwise) in or gave any instructions with respect to the selection, appointment or removal of defendant James A. Carney or any other person, firm or corporation as the transfer agent for the common stock of defendant General Oil and, if you did, set forth the full details of your participation in or your instruc-

Answer

ney in which respect details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics."

"I have never participated in any way personally or otherwise in or have ever given any instructions with respect to the conduct or management of the business operations of defendant General Oil including but not limited to any of the items set forth in interrogatory 12, except as an attorney in which respect details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics."

"I have never participated in any way personally, by agent or otherwise in or gave any instructions with respect to the selection, appointment or removal of defendant James A. Carney or any other person, firm or corporation as the transfer agent for the common stock of defendant General Oil except as an attorney in which respect details thereof are deemed to be confidential and a rev-

Although it does not appear that the attorney-client privilege is asserted by the client, who might or might not be a co-defendant herein for aught the

**Interrogatory**

tions with respect to each such selection, appointment or removal and the name and last-known residence and business address of each person who in any way participated with you in each such selection, appointment or removal or to whom you gave any instructions with respect thereto."

**Answer**

elation of the same would be a violation of the Code of Ethics."

"16. State whether you have ever participated in any way (personally, by agent, or otherwise) in or have ever given instructions with respect to the mailing, delivering or otherwise forwarding of certificates of the common stock of defendant General Oil to the transfer agent for the common stock of said defendant, and, if you have, set forth the full details of your participation in or your instructions with respect to such mailing, delivery or forwarding and the name and last-known residence and business address of each person who participated with you in each such mailing, delivery or forwarding or to whom you gave any instructions with respect thereto."

"I have never participated in any way personally, by agent or otherwise in or have ever given instructions with respect to the mailing, delivery or otherwise forwarding of certificates of the common stock of the defendant General Oil to the transfer agent for the common stock of said defendant except as an attorney in which respect details thereof are deemed to be confidential and a revelation of the same would be a violation of the Code of Ethics."

"26. Whatever your answer to interrogatory No. 25, above, state whether to your knowledge J. & S. Associates, Inc. (under that or any other name) ever engaged in any transaction of any kind with defendant General Oil, defendant Stratford, or, defendant Charles E. Graham, Jr., and, if it did, set forth the full details of each such transaction, including the name and last-known residence and business address of each person who participated in each such transaction (whether as principal, as agent, or otherwise) a full description of any property, real or personal, tangible or intangible, comprising the subject matter of or otherwise involved in any way in each such transaction, and the date of all contracts, agreements, options, deeds, letters, checks, promissory notes and other written instruments of any kind having anything to do with each such transaction. State as to each such written instrument whether a copy thereof is in your possession, and, if it is not, set forth the name and last-known residence and business address of any believed by you to have a copy of such written instrument."

"J & S Associates, Inc., engaged in some transactions with General Oil and defendant Charles E. Graham, Jr., but not with defendant Stratford, to my knowledge. I participated in the transactions referred to herein as attorney for J & S and General and as an attorney deem these details to be confidential and a revelation of the same would be a violation of the Code of Ethics."

papers show, the attorney properly asserts the privilege.[2]

■ It is assumed that the "Code of Ethics" refered to in the answers to the interrogatories, is intended to cover the common-law privilege against disclosure of confidential communications between attorney and client said to be:—where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relevant to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal advisor except the protection be waived.[3]

■ The privilege generally attaches to communications only and should not be extended except in unusual cases.[4]

■■ The question of whether matter into which inquiry is sought is "privileged" is for the court to decide, not the witness.[5] However, the scope of these interrogatories, inquiring generally into "participation," and the scope of the asserted privilege in the answers encompassing "details" makes it utterly impossible for the court to determine the issue on the scant information before it on this motion.

Obviously, further interrogatories would be a clumsy device to attempt to elicit the information prerequisite to an intelligent determination of whether Mr. Josephson need divulge the information he seeks to suppress.[6]

The instant motion in so far as it is addressed to the answers to interrogatories 9, 10, 11, 12, 15, 16, 26 and 27 is denied without prejudice to the plaintiff's noticing the deposition upon oral examination of Mr. Josephson. If the witness then asserts the privilege as to specific inquiries, the judge in the motion part can better pass upon the propriety of the question and the refusal to answer.

| Interrogatory | Answer |
|---|---|
| "27. Except as specifically set forth in your answers to previous interrogatories, state whether you have presently in your possession records of any of the transactions or occurrences referred to in your answers to any of the previous interrogatories (including, for example, records of any trips to Montreal, letters to or from other defendants to this action, ledgers or other books of account, cancelled checks, books of check stubs, bank statements or credit or debit memoranda), and, if you have, set forth a brief description of each category or classification of such records and the transaction to which each such category or classification relates." | "Whatever records are presently in my possession are in possession as an attorney and are deemed confidential and a revelation of the same would be a violation of the Code of Ethics." |

2. Schwimmer v. United States, 8 Cir., 1956, 232 F.2d 855, 863, certiorari denied 1956, 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52.

3. VIII Wigmore on Evidence §§ 2294, 2300, 2306, 2311, 2317, 2321, 2324 and 2327.
Cf. F.R.Civ.P. 43(a) and New York Civil Practice Act § 353.

4. McCormick on Evidence 186.

5. Robinson v. United States, 6 Cir., 1944, 144 F.2d 392, 404; People's Bank of Buffalo v. Brown, 3 Cir., 1902, 112 F. 652, 654, 655.

6. Cf. 4 Moore's Fed.Prac. (2d ed.) 1958 Cum.Supp. pp. 54–56.

Another interrogatory [7] seeks the whereabouts of a person with whom Mr. Josephson dealt. The answer is silent as to that inquiry. However, in the affidavit of Mr. Josephson in opposition to this motion he states that he is unable to completely answer interrogatory 7 because he does not know the residence or business address of Samuel P. Lewis except for the address of Mr. Lewis' employer, the defendant Stratford Securities Co. Answer 7 is deemed expanded to include this further statement. Accord-ingly, the motion is denied as to interrogatory 7.

Finally, it is urged that interrogatory 23 was not fully answered.[8] On the papers before me I cannot determine whether the answer is, as claimed, "not responsive." Hence the motion is denied without prejudice to the matter being further explored upon the deposition by oral examination of Mr. Josephson should plaintiff notice same as above suggested.

This decision is the order; no further order is necessary.

7.

| Interrogatory | Answer |
|---|---|
| "7. Set forth the date on which you first learned that defendant Stratford was selling or intended to sell the common stock of defendant General Oil & Industries, Inc. (hereinafter referred to as 'defendant General Oil') to the public and the name and last-known residence and business address of the person or persons from whom you learned it." | "Sometime in July, 1958, I first learned that the defendant Stratford intended to trade in the common stock of General Oil & Industries, Inc. I learned this from defendant Samuel P. Lewis." |

8.

| "23. State whether you have ever had dealings of any kind in any capacity with Armand Savageau of T. F. Hogg & Co. (formerly known as A. E. Mack & Co., Ltd.) of Montreal, Canada, or with any other person, firm or corporation, regarding the sale of common stock of defendant General Oil to plaintiff, and, if you have, state in detail what those dealings were and set forth the name and last-known residence and business address of each person who participated with you in any such dealings." | "As attorney and in company with William Sigler of 1405 Bishop Street, Montreal, Quebec, Canada, I met Mr. Armand Savageau of A. E. Mack & Co. Ltd., of Montreal, Canada who questioned me about the necessity for registering the common stock of General Oil at which time I advised him that in my opinion the shares of General Oil were exempt from registration requirements of the Security Act of 1933 pursuant to Section 3(a) (1) of the Securities Act [15 U.S.C.A. § 77c(a) (1)]." |