**SAN FRANCISCO REAL**
**ESTATE INVESTORS**

vs.

**REAL ESTATE INVESTMENT TRUST OF AMERICA, a Massachusetts business trust, George C. HOWLAND, Thomas S. K. BUTLER, C. Jerry RAGOSA, John Q. ADAMS, Francis H. BURR, John H. GARDINER, and Francis C. WELCH, a Trustee of Real Estate Investment Trust of America**

vs.

**SAN FRANCISCO REAL ESTATE INVESTORS, UNICORP AMERICAN CORPORATION, UNICORP CANADA CORPORATION and GEORGE S. MANN, Counterclaim Defendants**

No. 82-3284-MA

United States District Court
Commonwealth of Massachusetts

November 10, 1982

**Jeffrey Rudman**, counsel for plaintiff. **Paul Ware, Don Kennedy, Roger Mazur, David Sirignano, Jacob Stillman,** counsels for defendant

## ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY

**Collings, U.S.M.** On November 8, 1982, the defendants filed a Motion To Compel Discovery (#54) which, in summary, seeks an Order of the Court that David Bryant, President of San Francisco Real Estate Investors (hereinafter, SFREI), answer certain deposition questions put to him with respect to meetings of the trustees of SFREI on June 1, 1982, September 15, 1982, and during a telephone conference on October 12, 1982. The deponent has been instructed by counsel not to answer the questions on grounds of attorney-client privilege. There is no argument that the testimony is not relevant within the meaning of Rule 26(b)(1), F.R. Civ. P. There is also no dispute that the issue will arise in other depositions which the defendant intends to take of the plaintiff's trustees.

The matter was heard by me on November 9, 1982. An affidavit of Morris J. Kramer, Esquire, filed at the hearing, establishes that he is an attorney and was retained by SFREI ". . . to give legal advice with respect to a by-law that was adopted on May 24, 1982 by Real Estate Investment Trust of America (the defendant)." Attorney Kramer goes on to recite (1) that he attended a meeting of the trustees in San Francisco on June 1, 1982 ". . . for the purpose of my giving SFREI legal advice on the matter for which it retained me", (2) that he ". . . attended a special meeting of the SFREI board of trustees in my office in New York called for the purpose of (the trustees) obtaining further legal advice on the matter for which SFREI retained me", and (3) that "(o)n October 12, 1982, Mr. Schell (another attorney in Attorney Kramer's law firm) and I participated on a conference telephone call with other members of the SFREI board of trustees" and "(t)he purpose of this conference telephone call was for me to give SFREI further legal advice on the matter for which it retained me." Attorney Kramer also recites that both meetings and the telephone conference call were intended to be confidential.

The defendant takes the position that they should be allowed to question the trustees about the meeting excluding only (1) questions as to what the attorney said; and (2) questions directed at the attorney for the specific purpose of seeking legal advice.

Of course, the seminal case in this area is Judge Wyzanski's opinion in **United States v. United Shoe Machinery Corporation**, 89 F. Supp. 357 (D. Mass., 1950). In that case, the Court quoted

from the then Comment to Rule 210 of the A.L.I. Model Code of Evidence to the effect that (1) expert legal advice is essential in a society as complex as ours, (2) the fullest freedom and honesty of in the communication of pertinent facts is a prerequisite to the giving of such advice, and (3) "(t)o induce **clients** to make such communications, the privilege to prevent their later disclosure is said by courts and commentators to be a necessity" (Emphasis added by the Court), (4) "(b)ut the privilege should be strictly construed in accordance with its object" citing **People's Bank v. Brown,** 112 F. 652 (3 Cir., 1910). The Court went on to write that the ". . . main qualifications which are necessary . . ." for the privilege to apply, as follows:

The privilege applies only if

(1) the asserted holder of the privilege is or sought to become a client;

(2) the person to whom the communication was made

(a) is a member of the bar of a court, or his subordinate and

(b) in connection with this communication is acting as a lawyer;

(3) the communication relates to a fact of which the attorney was informed

(a) by his client (and)

(b) without the presence of strangers (and)

(c) for the purpose of securing primarily either

(i) an opinion on law or

(ii) assistance in some legal proceeding, and not

(d) for the purpose of committing a crime or tort; and

(4) the privilege has been

(a) claimed and

(b) not waived by the client.

89 F. Supp. at 358-9.

So far as I am aware, these propositions remain as valid today as they did when written in 1950. See **Diversified Industries Inc. v. Meredith,** 572 F. 2d 596. 601-2 (8 Cir., 1977); **Matter of Fischel,** 557 F. 2d 209, 211-2 (9 Cir., 1977); **Hercules, Inc. v. Exxon Corp.,** 434 F. Supp. 136, 144 (D. Del., 1977).

In the instant case, there is no dispute that prerequisites (1), (2), (3)(d) and (4)(a) have been met. However, I do have a question with respect to whether the privilege can be invoked as to legal advice with respect to the **fact** that REITA had adopted a by-law restricting the rights of persons owning shares in excess of 9.8% of the outstanding shares of REITA, which is what Attorney Kramer states in his affidavit he was retained to do. As stated **supra,** ". . . the privilege . . . is limited to 'communications . . . made in confidence by the client'." **Matter of Fischel, supra** at 211 (footnote omitted) quoting 8 Wigmore Evidence, Sec. 2292 at 544 (McNaughton re. 1961) and citing **United States v. United Shoe Machinery Corp., supra.** Thus, even if it assumed that the **fact** of the adoption of the bylaw was communicated to the attorney by the client in confidence, the confidentiality of that communication has certainly been waived by the production to the defendant of the minutes of the June 1, 1982 meeting, which is attached to the defendants' Memorandum In Support Of Motion To Compel Discovery (#55, filed 11/8/82). If the privilege only protects communication of facts which are intended to be confidential from the client to the attorney, I rule that any communication (by SFREI to its attorney) of the **fact** of the adoption of the particular by-law by REITA either was not intended to be a confidential communication or if it was originally so intended, the confidentiality of the communication has been waived. Consequently, any opinion which the attorney communicated to the trustees on the legality of the bylaw adopted by REITA is not privileged so long as the opinion was based solely on REITA's action and not on the basis of additional confidential facts which SFREI communicated to its attorney.

I further rule that the presence of an attorney at the meetings of the SFREI

trustees does not entitle the trustees to invoke the attorney-client privilege as to all discussions at the meetings. Unless the discussions either directly or indirectly reveal communications of a confidential nature by the client to the attorney, they are not privileged. **Matter of Fischel,** **supra** at 212; **International Tel. & Tel.** **Corp. v. United Tel. Co. of Fla.,** 60 F.R.D., 177, 185 (M.D. Fla., 1973). The minutes of the June 1, 1982 meeting clearly reveal discussions with respect to matters which do not involve the revelation of confidential facts by the client to the attorney.

Because of the pressures of the expedited discovery in this case, transcripts of the depositions are not yet available and, thus, I cannot know precisely what questions were asked to which Mr. Bryant and other SFREI trustees were instructed not to answer. Consequently, in ruling on the Motion To Compel, the Court must frame an Order in general rather than specific terms.

Therefore, it is ORDERED that the Motion To Compel (#54, filed 11/8/82) be, and the same hereby is, ALLOWED to the extent that the deponent-trustees of SFREI are ORDERED, pursuant to Rule 37(a)(2), F.R. Civ. P., to respond to questions put to them with respect to the meetings of SFREI trustees held on June 1, 1982, September 15, 1982 and October 12, 1982 (telephonically) specifically including the legality of REITA's adoption of the by-law on May 24, 1982 and that the trustees not invoke the attorney-client privilege except as (1) to the confidential communication of **facts** by the trustees to the attorney for the purpose of the attorney's rendering of legal advice so long as the facts have not been later disclosed to the defendants and (2) to communications from the attorney to the trustees containing legal advice based on the confidential communication of **facts** which have not been later disclosed to the defendants.

**Robert B. Collings**
**United States Magistrate**