---

## In re COBB.

(District Court, E. D. North Carolina. December 23, 1901.)

BANKRUPTCY—ADMINISTRATION OF ESTATE—PAYING OUT FUNDS.

Bankr. Act 1898, does not authorize a referee to order a trustee to pay out funds, nor the trustee to pay out funds on such an order, but under general order 29 (32 C. C. A. xxviii., 89 Fed. xii.) it is the duty of the trustee to deposit all funds of the estate in a designated depository to the credit of the court or judge, designating the estate to which they belong, and such funds can only be paid out on checks countersigned by the judge, or some person designated by him. The paying out of funds

in any other manner is irregular, and, under rule 10 of the district court for the Eastern district of North Carolina, subjects both trustee and depository to liability on their bonds and to attachment for contempt.

In Bankruptcy. On final settlement of estate.
See 96 Fed. 821.

PURNELL, District Judge. This case is now presented for a final settlement of the estate and discharge of the trustee. In the course of the administration $41,486.52 has been distributed, and the balance sheet presented shows all accounted for under orders made in the cause by the referee with the consent of the creditors or their attorneys. It must not be supposed that this court is inadvertent to the irregularities under general order 29 (32 C. C. A. xxviii., 89 Fed. xii.) made by the supreme court, or district rule 10, in accord therewith, or that this case is to be taken as a precedent in this district. It is one of the first proceedings instituted in the district, before the supreme court had promulgated the general orders or district rule 10 was made, and before the practice had assumed settled form and was understood by officers of the court. The case has been before the court on several questions. Nearly all of the creditors have, from its incipiency, been represented by able counsel, who seem to have neglected no opportunity to protect the rights and interests of their clients. Five dividends have been paid, and vouchers are filed for the amounts paid out by the trustee. This has been done by orders made by the referee, upon checks drawn by the trustee and approved or countersigned by the referee, without regard to general order 29 of the supreme court or the district rule in accord therewith. The word "court" may include the referee (section 1, subsec. 7, Bankr. Act 1898), but does not of necessity. When it does must be gathered from the context,—the connection in which it is used. Section 1, subsec. 16. After reference all proceedings are before the referee (General Order 12, 32 C. C. A. xvi., 89 Fed. vii.), except such as are required to be before the judge. The general orders of the supreme court and the rules of the court of the district in accordance therewith are as obligatory on officers of the court as the act itself. Section 30, Bankr. Act. The jurisdiction of referees is defined in section 38, and their duties in section 39. There is no provision in the bankrupt act of 1898 which authorizes the referee to order or the trustee to pay out funds belonging to the estate of a bankrupt. Having reduced the assets to money, it is the duty of such trustee to deposit such money in one of the depositories designated as provided in section 61, Bankr. Act. There is no provision in former bankrupt acts analogous to this, and this was evidently intended by congress to correct an abuse under former acts. There is no express provision in the act as to how these deposits shall be made. Section 47, subsec. 3, requires the trustee to deposit all money received in one of the designated depositories, and subsection 4 that he shall disburse only by check or warrant on the depositories in which such deposit has been made. General order of the supreme court pro-

hibits the payment of money deposited as required by the act, except by check or warrant drawn in accordance with the order, and countersigned by the judge, or some one designated by the judge for that purpose. These deposits should therefore be made to the credit of the court or judge, designating at the time of the deposit the estate to which such deposits belong.

District rule 10 regarding deposits and checks:

"All funds belonging to bankrupt estates must be deposited in the designated depositories [section 47, subsec. 3, Bankr. Act], and disbursed only by check or draft drawn on such depository in accordance with dividend sheet prepared by referee and approved by the judge [section 47, subsec. 4]. Such checks or drafts must be countersigned as provided by general order of the supreme court 29 [32 C. C. A. xxviii., 89 Fed. xii.]. Depositories and trustees not observing this rule make themselves liable on their bond and to attachment for contempt."

This seems to be plain and simple enough to be understood even by one elected trustee without previous experience in the courts of bankruptcy. The provision that no general trustee shall be appointed is productive of much irregularity and continual schooling of men selected by creditors who have never read even the definitions in the bankrupt act. While there are serious objections to general trustees, there are cogent reasons for such officers and objection to this provision. It is a question with two sides, good argument on both. The rules are made after a study of the act, and must be observed. If the reasons therefor can be understood, so much the better. They are based on reason. The failure to understand or observe them is a modern exemplification of an ancient rule or caution, and calls forcibly to mind what most lawyers realize as one of the maxims in the professional nursery,—the saying of Lord Coke, "He who knoweth the law and knoweth not the reason thereof, soon forgetteth his superfluous learning." In this may be seen a covert expression of what most true lawyers feel,—a contempt for the strictly "case lawyer," supposed to be of modern growth, but of ancient origin. Had the act and rules been followed in the present case, it would have saved much time, labor, and annoyance, and, may be, future complications. After much delay, the entire record is before the court, and a tedious examination of many loose papers is rendered necessary, which would have been unnecessary had the orderly practice been observed,—labor not contemplated the judge should do. In winding up an estate the referee should prepare the dividend sheets, showing the amount received, and from what source; the costs and claims having priority to be paid in full, and then the unsecured claims, with the dividend to be paid each claimant. This is the balance sheet, and, when approved, closes the estate. After this the funds should be paid under rule 29 of the supreme court, and can be paid in no other way. In the case at bar the trustee has discharged complicated duties, and in every instance obtained an order from the referee, guarding with care the interests of the estate and the creditors. Every dollar appears to be accounted for, but in an irregular way, as pointed out. However, vouchers are produced, and all seems to have been done by order of the referee, and with the consent of the creditors or

their attorneys. No creditor now appears to object, and no good purpose can be served by reopening the estate. The designated depository has violated general order 29, a copy of which has been furnished it, by paying out the funds upon drafts not drawn in accordance therewith, and made itself liable as such depository should any party injured see proper to pursue the remedy.

This much has been deemed proper to say that it might appear of record this court did not approve loose methods in the settlement of estates in bankruptcy, and will not regard this as a precedent, or continuance of same in future. But, inasmuch as the orders of the referee and the settlement by the trustee have been by consent, and no creditor now complains, it is now considered, ordered, and adjudged that the orders and settlement consisting of five dividends and other payments are approved nunc pro tunc, that the trustee be discharged of his trust and bond, and that this estate in bankruptcy be closed. This order is made nunc pro tunc without prejudice to the rights of parties under the bankruptcy act as they may be advised to pursue the same.