EMMA BURKE ELMER

v.

TRENTON TRUST AND SAFE DEPOSIT COMPANY, administrator, &c.

[Submitted November 1st, 1909. Decided November 3d, 1909.]

1. Where the principal of a wife's separate estate comes to the possession of her husband, and is used by him, the presumption of law is against a gift.

2. Evidence *held* to show that money coming to the possession of a husband from his wife's separate estate was not a gift.

On bill, answer, replication and proofs.

*Messrs. Thompson & Cole,* for the complainant.

*Messrs. Vroom, Dickinson & Scammell,* for the defendant.

LEAMING, V. C.

The evidence establishes the fact that Dr. Elmer received from his wife and deposited in his own bank account money to the amount of $8,862.21. His wife also paid for him to Collins $1,198.41, and to Katzenbach & Company, $549.30. All of the money referred to was the separate estate of Mrs. Elmer. Most of the money so paid was from the principal of Mrs. Elmer's estate; a smaller portion was from its income. A considerable

portion of the money referred to was undoubtedly expended in improving the residence property of Dr. Elmer which was at the time occupied by him and his wife.

Since *Adoue* v. *Spencer, 62 N. J. Eq. (17 Dick.) 782,* the law must be regarded as settled in this state to the effect that where the principal of a wife's separate estates comes to the possession of the husband and is used by him the presumption of law is against a gift, although the opposite presumption may exist as to income from the wife's separate estate. See, also, *Brady* v. *Brady, 58 Atl. Rep. 931; Small* v. *Pryor, 69 N. J. Eq. (3 Robb.) 606; Mayer* v. *Kane, 69 N. J. Eq. (3 Robb.) 733, 738.* These presumptions, however, can only be controlling in the absence of satisfactory evidence of a contrary purpose. Evidence inconsistent with the idea of a loan existed in *Black* v. *Black, 30 N. J. Eq. (3 Stew.) 215.* In the present case the evidence is wholly inconsistent with the idea of a gift of either the principal or income. During the period of the advances in question the husband repeatedly signed statements showing the amount of money he was receiving from his wife, and in his bank book most of the deposits made by him of money received from his wife were marked by him in pencil with his initials. These acts on his part cannot be reconciled with the idea that any of the money so received by him were gifts to him.

I will advise a decree for complainant for the aggregate of the amounts above stated.