BIERMAN et al. v. MARCUS et al.

Civ. A. No. 1026–50.

United States District Court
D. New Jersey.

June 23, 1954.

Chazin & Chazin, by Abraham Chazin, Jersey City, N. J., for plaintiffs.

Maurice C. Brigadier, Jersey City, N. J., for defendant Milmar Estate, Inc.

George Kesselhaut, Newark, N. J., for Al Kevelson, president and director of Milmar Estate, Inc.

Robert D. Grosman and Jules E. Tepper, Newark, N. J., for defendant Samuel Marcus.

MODARELLI, District Judge.

On January 19, 1954, the defendant Milmar Estate, Inc., by its attorney, Mr. Brigadier, took the deposition of Mr. Schwartz, one time attorney for the defendant, Mr. Marcus. Schwartz refused to answer many questions on the ground that the subject matter of the inquiry was privileged by the attorney-client relationship.

A motion to compel Schwartz to answer was heard on January 25, 1954, and at that time the court ruled that Schwartz should testify as to any matter not privileged and as to any privileged matter which his client Marcus had already testified about. Transcript of hearing January 25, 1954, p. 64. The court further said that if Schwartz still claims the privilege, "* * * you will formally bring him before me, in proper question and answer form, and let him refuse to answer, question by question." Transcript of hearing January 25, 1954, pp. 64, 65.

On March 17, 1954, and again on May 11, 1954, new depositions were taken, but again Schwartz refused to answer many of the questions.

After a perusal of the authorities, it is clear that the proper method of procedure is that indicated by the court at the January 25th hearing, that is to say, to bring Schwartz before the court and to interrogate him as to the bases of the privilege he is asserting, question by question.

■ "The claim of privilege being made, the *trial judge determines* whether the facts justify the allowance of the claim." (Wigmore's emphasis.) 8 Wigmore on Evidence, page 627 (3d ed.).

In accord: People's Bank of Buffalo v. Brown, 3 Cir., 1902, 112 F. 652; In re Lefferts, Supreme Ct. 1901, 67 N.J.L. 172, 50 A. 342, Gummere, J., and Steiner v. United States, 5 Cir. 1943, 134 F.2d 931.

The Third Circuit case, People's Bank of Buffalo v. Brown, supra, sets out the proper procedure for the court to follow. Upon refusal of the witness to answer, "* * * he is, by way of preliminary investigation, to be subjected to such interrogation as may be necessary to enable the court to determine for itself whether the communication referred to be, under the circumstances, a privileged one, and thereupon to make such order as may be proper." [112 F. 655.]

■ The law in regard to what is privileged communication is clear and generally well settled. Wigmore with his customary combination of acumen and brevity states the general rule as follows:

"(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except that privilege be waived."

Both the State of New Jersey and Judge Hartshorne of this district have adopted the above quote as the law. State v. Loponio, E. & A. 1913, 85 N.J.L. 357, 88 A. 1045, 49 L.R.A.,N.S., 1017; Trenton Street R. Co. v. Lawlor, E. & A. 1908, 74 N.J.Eq. 828, 74 A. 668; and Willard C. Beach Air Brush Co. v. General Motors Corp., D.C.N.J. 1953, 118 F. Supp. 242.

The major problem in this case is whether the privilege has been waived by the client Marcus' testimony. In deciding this problem, the most important consideration is fairness. "He (the client) cannot be allowed after disclosing as much as he pleases, to withhold the remainder." Wigmore, supra, at page 632. See also Willard C. Beach Air Brush Co. v. General Motors Corp., supra, 118 F.Supp. at page 247 and cases cited.

■ Wigmore also lays down a few more specific remarks on the question of waiver at page 633, the one most pertinent being that when the client testifies as to a specific communication to the attorney, it is a waiver as to all other communications to the attorney on the same matter.

As to the question of whether the information was communicated to the attorney in the attorney's capacity as an attorney, the following quote is helpful:

" 'The privilege accorded to communications between attorney and client is limited to communications made to the attorney in his professional capacity, to those instances in which a strict relationship of attorney and client exists; where an attorney is employed for some other purpose than to conduct litigation, to give advice on legal questions, or to engage in some other activity peculiarly within the province of an attorney at law, communications made during the course of that employment are not accorded protection from disclosure. This is the case where an attorney acts as an agent for another, as an attorney in fact, or as a notary public.' " Palatini v. Sarian, App.Div.1951, 15 N. J.Super. 34, 83 A.2d 24, 28, quoting with approval from 38 Am.Jur. Sec. 480.

### Procedure.

■ In view of the Third Circuit case of People's Bank of Buffalo v Brown, supra, I suggest the following procedure be followed: The matter be set down either on a regular motion day or specially for hearing. At the outset, the general rule cited should be read to counsel for Marcus and to Schwartz. (Schwartz should be in attendance.) Next counsel should be advised of Federal Rule of Civil Procedure 37(a), 28 U.S.C., which punishes one who refuses to answer "without substantial justification" by compelling him or the attorney advising the refusal to "pay to the examining party the amount of the reasonable expenses incurred in obtaining the order [order compelling an answer], including reasonable attorney's fees."

At this point, I would not be at all surprised if many of the objections of privilege melt away. As to any questions to which the objection of privilege still remains, Schwartz should be interrogated by both the court and Brigadier. Specifically he should be asked whether the communications were made to him confidentially for the purpose of obtaining legal advice in his capacity as an attorney. Grosman or perhaps Marcus himself should also be asked to represent the same as to each individual question. If it does appear that the communications were privileged, then Brigadier can point to the portions of Marcus' testimony that he claims constitute a waiver.

Frankly most of the claims of privilege seem specious and dilatory. Nevertheless it would be risky to decide each one of these questions by using merely the briefs, particularly in view of the admonition of the Third Circuit that a hearing should be had.

An appropriate order should be submitted setting the time and place for the completion of the taking of the depositions as soon as possible, so that a trial date can be had in the foreseeable future.