579 F.2d 41
 200 U.S.P.Q. 11
 WAYNE-GOSSARD CORPORATION, Appellant in No. 77-2330,
v.
SONDRA MANUFACTURING CO., Sondra, Inc., Wedgewood Knitting
Mills and Liberty Hosiery Mills, Inc.
Appeal of SONDRA, INC., Wedgewood Knitting Mills, and
Liberty Hosiery Mills, Inc., in No. 77-2329.
 Nos. 77-2329, 77-2330.
 United States Court of Appeals,
Third Circuit.
 Argued June 6, 1978.
Decided June 21, 1978.
 
 Wallace D. Newcomb, Henry N. Paul, Jr., Louis M. Heidelberger, Paul & Paul, Philadelphia, Pa. (Morris Efron, Efron, Black & Epstein, Allentown, Pa., of counsel), for Sondra, Inc., Wedgewood Knitting Mills, and Liberty Hosiery Mills, Inc.
 Charles B. Park, III, Joell T. Turner, Bell, Seltzer, Park & Gibson, P.A., Charlotte, N. C., Harvey Bartle, III, Norma L. Shapiro, Dechert, Price & Rhoads, Philadelphia, Pa., for Wayne-Gossard Corp.
 Before ALDISERT, ROSENN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM.
 
 
 1
 The appeal at No. 77-2329 is from a final judgment of the district court adjudging the Sarbo Re-issue Patent No. 26,667 valid and infringed by certain foot socks sold by appellant Sondra, Inc., most or all of which were manufactured for Sondra by appellants Wedgewood Knitting Mills and Liberty Hosiery Mills, Inc. The major questions presented are whether the court erred (1) in determining the patent valid, notwithstanding the existence of Teichmann patents, German or Swiss, (2) in finding infringement under the doctrine of equivalents, and (3) in its treatment of the intervening rights and laches defenses.
 
 
 2
 After considering all the contentions presented in the appeal brought by Sondra, Wedgewood and Liberty, we will affirm for the reasons stated by The Honorable Clifford Scott Green in 434 F.Supp. 1340 (E.D.Pa.1977). See also Wayne-Gossard v. Moretz Hosiery Mills, Inc., 539 F.2d 986 (4th Cir. 1976); Wayne-Gossard Corp. v. Russell Hosiery Mills, Inc., 483 F.2d 770 (4th Cir. 1973).
 
 
 3
 Wayne-Gossard has filed a cross appeal at No. 77-2330 from that portion of the district court decree denying relief for the period of infringement after the patent reissue and prior to the institution of this suit. The court determined that Wayne-Gossard had not fully complied with the patent marking requirements of 35 U.S.C. § 287 to entitle it to a recovery commencing with the time of issuance of the Sarbo Re-issue Patent.[1] We affirm that portion * 43. of the decree treating the cross appeal issue without endorsing the precise rationale offered by the district court.
 
 
 4
 Based on the record, we make certain assumptions: that the dominant ladies' foot sock trade custom in this country has been to mark the package containing the sock rather than the contents; that in the broad merchandising category of "fashion" hosiery items, the custom of the trade is not to place any markings on the foot hose; and that ladies' foot socks are merchandised through the classic "fashion" hosiery channels. Assuming these characteristics of the product, we could make a final assumption that marking the package rather than the sock would satisfy the notice requirement of § 287.
 
 
 5
 Even assuming all this, it would nevertheless be incumbent upon Wayne-Gossard to present sufficient evidence demonstrating the beginning date when the package marking commenced, in order to visit constructive notice upon the defendants. Wayne-Gossard failed to introduce documentary evidence indicating the particular date when the packages were first marked with the patent number or persuasive evidence indicating that all packages were so marked. Moreover, oral testimony was inconclusive as to the date of the first marking. Accordingly, on the basis that Wayne-Gossard failed to meet its burden of proof, we will affirm the judgment of the trial court in appeal No. 77-2330.
 
 
 6
 The judgment of the district court will be affirmed in both appeals.
 
 
 
 [1]
 35 U.S.C. § 287 provides:
 Patentees, and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.