CENTRAL SOYA COMPANY,
INC., Plaintiff,

v.

GEO. A. HORMEL & COMPANY,
Defendant.

No. CIV–76–32–D.

United States District Court,
W.D. Oklahoma.

March 8, 1982.

Harry A. Woods, Jr., Oklahoma City, Okl., Jerome F. Fallon, Chicago, Ill., Edward P. Armstrong, Fort Wayne, Ind., for plaintiff.

Jerry J. Dunlap, Oklahoma City, Okl., Herman H. Bains, Minneapolis, Minn., for defendant.

## ORDER

DAUGHERTY, District Judge.

■ Presently before the Court is Plaintiff's Motion to compel Defendant to produce certain documents. Defendant opposes the production of said documents on grounds of attorney-client privilege and acquiescence.[1] Plaintiff asserts that Defend-

---

1. Defendant's acquiescence objection is without merit. In discovery prior to trial on the merits Plaintiff requested production by Defendant of all documents related to the patent in suit. Defendant identified 41 such documents in this category and objected to the production of all of them under the attorney-client and/or work product privilege. Plaintiff did not pursue the matter further, that is, Plaintiff did not file a motion to compel production of these documents.

Defendant's claim of acquiescence is essentially a claim that Plaintiff, by failing to move to compel production, waived unaccrued rights for production of the same documents at a later time in a different setting. But acquiescence is conduct recognizing the existence of a transaction, carrying it into effect, and claiming the

benefits of it, none of which applies here. *See Paul v. Western Distrib. Co.*, 142 Kan. 816, 52 P.2d 379, 385–387 (1935). Moreover, if the Court were to find acquiescence and hold that Plaintiff thereby waived rights which had not yet arisen, the Court would be inviting frivolous motions to compel, as litigants seeking discovery would become loathe to "acquiesce" in a claim of attorney-client privilege—even though valid.

After trial and affirmance and in discovery with reference to the reserved issues of accounting, damages and fees, the Defendant produced two of these 41 documents. No claim is made that the production of these two documents was not voluntary or was compelled. They were not ordered produced by the Court. Hence, in these circumstances, Plaintiff's request for the production of said 39 remaining documents is

ant has waived any right to said privilege by previously producing two of 41 documents of the category involved. As to Plaintiff's claim of waiver, Defendant appears to deny a waiver but claims a waiver limited only to legal opinions if there is a waiver.

This Court has held the patent involved herein to be valid and infringed by Defendant. This determination has been affirmed by our Circuit Court of Appeals. 645 F.2d 847 (10th Cir.1981). The reserved matters of accounting, damages and fees are now before the Court following the above mentioned affirmance. In this phase of the case, Plaintiff inquired of Defendant if it contends that its infringement in this case was not willful and deliberate and if so, to "identify and produce all legal opinions on which Defendant will rely for such contention." Defendant replied that it, "will contend that the infringement in this case was not willful and deliberate" and voluntarily produced first one and later a second of the 41 documents previously asserted to be privileged in support of this position. The two documents are legal opinions given Defendant by its attorneys questioning the validity of Plaintiff's patent and describing a procedure for Defendant to follow that would not amount to an infringement if the patent is valid.

Plaintiff contends that Defendant has waived any privilege it may have had to the remaining documents in this category by producing some but not all of the same.[2] Hence, the Court is presented with what appears to be a case of attorney-client privilege as to said remaining documents and whether said privilege has been waived as to all such privileged documents by voluntarily producing some of the documents so privileged. It appears that the Court will have before it the matter of whether the infringement by Defendant was willful and deliberate.[3] Legal advice in this regard appears to be relevant to this issue.[4] The Court is not aware of a lack of relevancy claim being asserted by Defendant in connection with the Motion now under consideration.

The case of *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136 (D.Del.1977) holds as follows:

> .... In general, the voluntary waiver by a client, without limitation, of one or more privileged documents passing between a certain attorney and the client discussing a certain subject waives the privilege as to all communications between the same attorney and the same client on the same subject....

made in a different setting at this time and also with a claim of waiver. Conduct constituting waiver was not present at the time of the earlier request and is now introduced in the matter for the first time. Acquiescence is therefore not available to Defendant as grounds for an objection to the request now before the Court, particularly in the circumstance that Defendant appears to desire to use certain documents in the category involved (attorney-client privileged documents) which are favorable to it and withhold other documents in the category which possibly might not be favorable.

2. To the effect that privilege may be waived either expressly or implicitly by conduct, see: *United States v. Nobles*, 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141, *on remand*, 522 F.2d 1274 (9th Cir.1975); *Transamerica Computer Co. v. IBM Corp.*, 573 F.2d 646 (9th Cir.1978); *United States v. Lipshy*, 492 F.Supp. 35 (N.D.Tex.1979); *Pitney-Bowes, Inc. v. Mestre*, 517 F.Supp. 52, 86 F.R.D. 444 (D.C.Fla.1980); *American Standard, Inc. v. Bendix Corp.*, 80 F.R.D. 706 (W.D.Mo. 1978); *International Tel. & Tel. Corp. v. United Tel. Co.*, 60 F.R.D. 177 (M.D.Fla.1973); and *Bail-*

*ey v. Meister Brau, Inc.*, 57 F.R.D. 11 (N.D.Ill. 1972).

3. See: *Plastic Container Corp. v. Continental Plastics of Oklahoma, Inc.*, 607 F.2d 885 (10th Cir.1979); *Smith v. ACME General Corp.*, 614 F.2d 1086 (6th Cir.1980); *Leesona Corp. v. United States*, 599 F.2d 958, 220 Ct.Cl. 234 (1979), *cert. denied*, 444 U.S. 991, 100 S.Ct. 522, 62 L.Ed.2d 420; *E–I–M Co. v. Philadelphia Gear Works, Inc.*, 223 F.2d 36 (Fifth Cir.1955), *cert. denied*, 350 U.S. 933, 76 S.Ct. 304, 100 L.Ed. 815; *Illinois Tool Works, Inc. v. Continental Can Co.*, 273 F.Supp. 94 (N.D.Ill.1967), *affirmed*, 397 F.2d 517 (7th Cir.1968).

4. See: *Rosen v. Kahlenberg*, 337 F.Supp. 1075 (M.D.Fla.1970), *rev'd on other grounds*, 474 F.2d 858 (5th Cir.1973); and *Porter-Cable Machine Co. v. Black & Decker Mfg. Co.*, 274 F.Supp. 905 (D.Md.1967), *affirmed*, 402 F.2d 517 (4th Cir. 1968), *cert. denied*, 393 U.S. 1063, 89 S.Ct. 716, 21 L.Ed.2d 706.

This qualification to the rule of attorney-client or work product protection can only be applied with reference both to the objectives of the protection and of the qualification. *International Business Machines, Inc. v. Sperry Rand Corp.,* 44 F.R.D. 10 (D.Del.1968). The underlying rationale is one of fairness. A party cannot disclose only those facts beneficial to its case and refuse to disclose, on the grounds of privilege, related facts adverse to its position:

> "When a client voluntarily waives the privilege as to some documents that the client considers not damaging and asserts the privilege as to other documents that the client considers damaging, the rule compelling production of all documents becomes applicable. The reason behind the rule is one of basic fairness." *Duplan Corp. v. Deering Milliken, Inc.,* 397 F.Supp. [1146] at 1161–2 [D.C.S.C.1974].

Even if certain facts or documents were disclosed inadvertently, the protection may be waived. *Duplan Corp. v. Deering Milliken, Inc., supra; Underwater Storage, Inc. v. U.S. Rubber Co.,* 314 F.Supp. 546 (D.D.C.1970).

*International Tel. & Tel. Corp. v. United Tel. Co. of Fla.,* 60 F.R.D. 177 (M.D.Fla. 1973), holds:

> .... The purpose of the attorney-client privilege is to promote freedom of consultation between client and legal advisors without apprehension of subsequent compelled legal disclosure. [Citation omitted] However, the privilege was intended as a shield, not a sword. Consequently, a party may not insist upon the protection of the privilege for damaging communications while disclosing other selected communications because they are self-serving.
>
> If the client chooses to disclose secrets within the privilege, then he waives it and cannot later insist upon his or his attorney's silence based upon the privilege. *Hunt v. Blackburn,* 128 U.S. 464, 9 S.Ct. 125, 32 L.Ed. 488 (1888). ....

Similarly if a party-client introduces part of his correspondence with his attorney, the production of all of the correspondence could be demanded. *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter, Inc.,* 32 F.2d 195 (2nd Cir.1929).

 As to Defendant's claim of limited waiver or waiver of the attorney-client privilege only with respect to the two legal opinions it had received from its attorney regarding the patent and furnished to Plaintiff as aforesaid, the Court first has doubts that Defendant has proceeded in the proper manner to preserve a claim of limited waiver. Defendant initially asserted the attorney-client and/or work product privilege as to all of the said 41 documents. Plaintiff in its recent discovery phase asked for legal opinions upon which Defendant would rely in support of its contention that its infringement was not willful and deliberate. It appears clear that the legal opinion Defendant first delivered to Plaintiff was one of said 41 documents and was attorney-client privileged. The record does not reveal that in the production of this document Defendant asserted a limited waiver or reserved in any way a claim of privilege as to the remaining documents in the category. As to the second document furnished to Plaintiff, Defendant does state in its Response to the Motion under consideration that at the deposition when the same was produced Defendant stated to Plaintiff that the opinions "merely constituted a narrow limited category of all the documents listed in the broad category of documents originally requested". The Court doubts that the above conduct is the proper way to effect a limited waiver of the attorney-client privilege as to the balance of a recognized category of documents claimed to be privileged under the attorney-client relationship. Certainly as to the first document, some reservation should have been made by Defendant at the time of its production that such production did not waive the attorney-client privilege on the remaining documents in the category.[5] De-

---

**5.** In *United States v. Lipshy,* 492 F.Supp. 35 (N.D.Tex.1979), it is held:

fendant made no such reservation. The Court assumes that Defendant will desire to introduce in evidence the two legal opinions it has heretofore provided the Plaintiff to counter a claim of willful and deliberate infringement. Under the cases cited above such use would entitle Plaintiff to examine all other documents regarding this patent previously claimed to possess the attorney-client and/or work product privilege pursuant to the principle of basic fairness. If Defendant had decided not to rely on legal opinions in support of its defensive position that its infringement was not willful and deliberate, Defendant should not have furnished Plaintiff the two legal opinions, but should have reasserted its earlier claim of attorney-client and/or work product privilege to the documents in its file regarding the patent involved.[6] Basic fairness and the purpose of the privilege will not permit Defendant to rely on two of said privileged documents and withhold the balance with reference to its defensive position that its infringement was not willful and deliberate.

▆ The Court therefore finds that Defendant in these circumstances is not entitled to produce certain documents of this privileged category and claim privilege on the balance, and that Defendant has waived its asserted attorney-client privilege as to the remaining documents.

Defendant should therefore produce the remaining 39 documents involved to the Plaintiff for inspection and copying and do so within 30 days from the date hereof at a time and place mutually agreeable.

----

.... The party should appear before the hearing examiner and refuse to testify about such matters as he believes to be privileged. .... Counsel should present himself and the records requested before the hearing examiner and specifically assert the claim of privilege as each question is asked. *United States v. Finley,* 434 F.2d 596 (5th Cir.1970); *United States v. Roundtree,* 420 F.2d 845 (5th Cir. 1969). *See generally,* 15 A.L.R.Fed. 771 § 2(b) (Supp.1978). .... Consequently, his objection to their production on the ground of work product rule was one that could be made in advance of appearance.

**6.** *Handgards, Inc. v. Johnson & Johnson,* 413 F.Supp. 926 (N.D.Cal.1976) holds:

The deliberate injection of the advice of counsel into a case waives the attorney-client privilege as to communications and docu-

ments relating to the advice. *Garfinkle v. Arcata National Corp.,* 64 F.R.D. 688 (S.D.N.Y. 1974); *Smith v. Bentley,* 9 F.R.D. 489 (S.D.N. Y.1949); *see also,* 8 Wigmore, *Evidence* § 2327 (McNaughton rev. 1961).

An important consideration in assessing the issues of waiver is fairness. *Bierman v. Marcus,* 122 F.Supp. 250 (D.N.J.1954). Thus, a party may not insist on the protection of the attorney-client privilege for damaging communications while disclosing other selected communications because they are self-serving. Voluntary disclosure of part of a privileged communication is a waiver as to the remainder of the privileged communication about the same subject. *International Telephone and Telegraph Corp. v. United Telephone Company of Florida,* 60 F.R.D. 177, 185–186 (M.D. Fla.1973).